UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DANIELLE STEPHENS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 21-CV-0414-CVE-SH |
| ) | |
| **REGIONAL HYUNDAI, LLC and** ) | |
| **TTCU FEDERAL CREDIT UNION,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Now before the Court are the following motions: Defendant Regional Hyundai, LLC's Motion to Dismiss and Brief in Support (Dkt. # 24); Plaintiff's Motion for Summary Judgment (Dkt. # 32); Defendant TTCU Federal Credit Union's Motion for Judgment on the Pleadings & Brief in Support (Dkt. # 33); Defendants' Opposed Joint Motion to Stay Summary Judgment Briefing and Brief in Support (Dkt. # 34); Plaintiff's Motion to Compel (Dkt. # 40); Plaintiff's Motion for Preliminary Injunction (Dkt. # 42); Plaintiff's Motion to Set a Hearing Date (Dkt. # 43); and TTCU Federal Credit Union's Motion to Strike Docket No. 50 (Dkt. # 52). Defendants Regional Hyundai, LLC (Regional Hyundai) and TTCU Federal Credit Union (TTCU) argue that plaintiff has failed to state a plausible claim against them. Plaintiff appears to be claiming that she purchased an automobile from Regional Hyundai and that Regional Hyundai illegally assigned her automobile loan to TTCU. She argues that TTCU is illegally attempting to collect a debt after plaintiff stopped paying on the automobile loan, and she is demanding actual and statutory damages, title to the vehicle, and a new line of credit from TTCU. Dkt. # 2, at 6. Plaintiff is proceeding pro se and the

Court will broadly construe the allegations of plaintiff's complaint to determine if she has stated a plausible claim against either defendant.

I.

Plaintiff alleges that she entered a consumer credit transaction with Regional Hyundai for the purchase of a vehicle. Dkt. # 2, at 3. Plaintiff has attached a copy of the sales contract to her complaint, and the transaction took place on November 18, 2019. Id. at 20-21. The sales contract included disclosures about the cost of the vehicle, the finance charge, and the total cost to plaintiff if she paid off the loan under the 72 month payment schedule. Id. at 20. Based on documents attached to plaintiff's complaint, the automobile loan was assigned to TTCU, and TTCU is the lien holder on the vehicle. Id. at 21, 25. Plaintiff missed a payment on her loan, and TTCU sent plaintiff multiple notices advising her of the amount past due on her loan. Id. at 13. Instead of paying the overdue amount, plaintiff sent a series of letters in which she refused to make any further payments and she demanded that TTCU "validate" her debt. Id. at 14, 34-35. The letters primarily consist of statutory citations and demands that TTCU refrain from further efforts to collect a debt, and she also demanded that TTCU grant her title to the vehicle and open a new line of credit for $450,000 for plaintiff. Id. at 35. TTCU responded that plaintiff's claims were "frivolous or irrelevant," because her disputes were not supported by any evidence and did not meet the statutory requirements for a legitimate credit dispute. Id. at 16.

On September 24, 2021, plaintiff filed this case alleging claims related to the consumer transaction that led to her indebtedness to TTCU. Plaintiff seeks relief under the Truth in Lending Act (TILA), the Fair Debt Collection Practices Act (FDCPA), and the Fair Credit Reporting Act (FCRA). She also asserts a claims described as "banks and banking" and "crimes and criminal

procedure." Dkt. # 2, at 5. Plaintiff seeks statutory damages of approximately $500,000, actual damages in the amount of $150,000, free and clear title to the subject vehicle, and an "open-ended consumer credit" account in the amount of $450,000. Id. at 6.

## II.

Regional Hyundai has filed a motion to dismiss and TTCU has filed a motion for judgment on the pleadings. Under Fed. R. Civ. P. 12(c), a party may file a motion for judgment on the pleadings after the pleadings are closed but "early enough not to delay the trial." A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standards applicable to motions under Rule 12(b)(6). Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant.

Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).

### III.

Regional Hyundai and TTCU argue that plaintiff has not alleged a plausible claim against them under any legal theory. Plaintiff's pro se filings contain a series of rambling arguments, but the focus of plaintiff's allegations appears to be that Regional Hyundai illegally assigned her automobile loan to TTCU and that TTCU is now illegally attempting to collect on the loan in violation of federal law. The Court has noted that plaintiff is proceeding pro se and her allegations will be construed broadly to determine if she has stated a plausible claim against either defendant. However, plaintiff is still responsible for complying with the Federal Rules of Civil Procedure, and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

**TILA**

Defendants argue that plaintiff did not file her TILA claim within the applicable statute of limitations, and plaintiff has no right to rescind the automobile loan under TILA. TILA imposes civil liability on "any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635, subsection (f) or (g) of section 1641 of this title, or part D or E of this subchapter." 15 U.S.C. § 1640(a). A creditor is required to disclose the total amount financed by the agreement, the finance charge, the annual percentage rate, and the schedule of payments in the credit agreement. 15 U.S.C. § 1638. A TILA claim must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The statute of

4

limitations begins to run "when credit is extended through the consummation of the transaction between the creditor and its customer without the required disclosures being made." Betancourt v. Countrywide Home Loans, Inc., 344 F.Supp.2d 1253, 1258 (D. Colo. Nov. 17, 2004).

In this case, the initial credit transaction took place on November 18, 2019, and the agreement contains a section labeled "Federal Truth-in Lending Disclosures." Dkt. # 2, at 20. Plaintiff alleges that the disclosures in the parties' contract were incomplete or deficient, and this means that her statute of limitations began to run on November 18, 2019. Dkt. # 2, at 3 (plaintiff alleges that Regional Hyundai failed to provide proper disclosures in the loan application). This case was filed on September 24, 2021, which is well after her one year statute of limitations expired on November 18, 2020. Plaintiff's TILA claim is clearly barred by the statute of limitations. Even if plaintiff's TILA claim were timely, defendants argue that she has not stated a colorable TILA claim. Plaintiff alleges that the agreement failed to contain a disclosure that plaintiff had a right to rescind the contract, and she claims that the finance charge disclosure fails to specify whether plaintiff was obligated to pay for insurance to protect the creditor in the event of plaintiff's default. Id. at 4. The disclosures include the interest rate, the total finance charge that would be incurred by plaintiff if she made her scheduled payments, and the total payment pursuant to the agreement. Id. The credit agreement includes a blank section concerning "Other Optional Insurance," and the list of itemized charges does not include any insurance charges. Id. Plaintiff claims she should have been notified that she had a right to rescind the contract under 15 U.S.C. § 1635. However, this statute provides a limited right to rescind credit agreements for the acquisition of "any property which is used as the principal dwelling of the person to whom credit is extended . . . ." The credit agreement in this case was for the purchase of an automobile and § 1635 is inapplicable, and the disclosures were not

deficient due to an alleged failure to notify plaintiff of a right to rescind the contract. Plaintiff has not alleged that any disclosures in the credit agreement were deficient and, even if her TILA claim were timely, plaintiff has not stated a plausible claim for relief.

**FDCPA**

Both defendants argue that plaintiff's FDCPA claim is barred by the applicable statute of limitations, and defendants also argue that neither Regional Hyundai nor TTCU is a "debt collector" as that term is defined by the FDCPA. Under 15 U.S.C. § 1692k(d), the statute of limitations for a claim under the FDCPA is one year from the date on which the violation occurs."The FDCPA applies only to 'debt collectors' seeking satisfaction of 'debts' from 'consumers'; it does not apply to 'creditors.'" McKinney v. Cadleway Props., Inc., 548 F.3d 496, 501 (7th Cir. 2008). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ." 15 U.S.C. § 1692a(4).

The Court finds that neither Regional Hyundai nor TTCU qualifies as a debt collector and plaintiff has not alleged a plausible FDCPA claim against either defendant.[1] Regional Hyundai was the original creditor that sold an automobile to plaintiff, and Regional Hyundai subsequently assigned the loan to TTCU. TTCU is a financial institution based in Oklahoma, and it was servicing plaintiff's automobile loan. Plaintiff has made no allegations suggesting that either Regional

---

[1] The Court does not need to reach defendants' argument that plaintiff's FDCPA claim is barred by the statute of limitations, and that argument will not be considered in this Opinion and Order.

Hyundai or TTCU is principally in the business of collecting debts owed to another person or entity, even if both defendants might incidentally collect debts owed to them, and she has not even made a general allegation that either defendant is a "debt collector" under the FDCPA. Therefore, plaintiff has not adequately alleged an FDCPA claim against Regional Hyundai or TTCU.

**FCRA**

Defendants argue that plaintiff has failed to make any specific factual allegations in support of her FCRA claim, and she has not given defendants sufficient notice of the basis for her FCRA claim. The FCRA imposes a duty on furnishers of credit information to refrain from reporting inaccurate information to a credit reporting agency. 15 U.S.C. § 1681s-2. However, the FCRA does not create a private right of action for a consumer against an entity that allegedly furnishes incorrect information to a credit reporting agency. See Wenner v. Bank of America, NA, 637 F. Supp. 2d 944, 951 (D. Kan. 2009); Llewellyn v. Shearson Financial Network, Inc., 622 F. Supp. 2d 1062, 1072 (D. Colo. 2009); Whisenant v. First Nat'l Bank and Trust Co., 258 F. Supp. 2d 1312, 1316-17 (N.D. Okla. 2003). The Court agrees that plaintiff's complaint is wholly lacking any allegations giving defendants notice of the factual basis for plaintiff's FCRA claim, and this is a sufficient basis for dismissal of plaintiff's FCRA claim. In addition, Regional Hyundai and TTCU would simply be furnishers of information to a credit reporting agency, and the FCRA does not provide a private right of action against furnishers of credit information. Sanders v. Mountain America Federal Credit Union, 689 F.3d 1138, 1147 (10th Cir. 2012). Instead, plaintiff would have to pursue relief under the FCRA directly against a credit reporting agency, and neither Regional Hyundai nor TTCU is a credit reporting agency. Id.

**Banking/Criminal Law**

Plaintiff alleges that defendants violated 12 U.S.C. § 1431 and 18 U.S.C. § 1344, but she makes no specific factual allegations in support of these claims. Dkt. # 2, at 5-6. The Court initially notes that §1344 is a federal criminal statute, and this statute does not create a private right of action for civil claims. Chavez v. United States, 2021 WL 4948191 (D.N.M. Oct. 25, 2021); Brown v. Demchak, 2021 WL 4552964 (W.D. Penn. Oct. 5, 2021); Rivera v. Golden Nat'l Mortg. Banking Corp., 2001 WL 716908 (S.D.N.Y. June 26, 2001). Plaintiff cannot rely on a federal criminal statute as the basis for a civil claim against defendants, and her claim described as "Crimes and Criminal Procedure" is dismissed.

Plaintiff cites 12 U.S.C. § 1431, and she could be alleging that defendants willfully or negligently violated the Federal Home Loan Bank Act, 12 U.S.C. § 1421 et seq. However, she fails to allege that either defendant would qualify as a federal home loan bank as that term is defined in § 1422(1)(A). Dkt. # 2, at 5. She also alleges no facts suggesting that her credit transaction would qualify as a home mortgage that would fall within the scope of the Federal Home Loan Bank Act. Plaintiff has not stated a claim under against either defendant under the Federal Home Loan Bank Act, and her claim described as "Banks and Banking" is dismissed.

**Other Pending Motions**

Plaintiff has filed various motions, including a motion for summary judgment, a motion for preliminary injunction, and a motion to compel defense counsel to disclose their qualifications to practice law. Dkt. ## 32, 40, 42. The motion for summary judgment primarily consists of an affidavit alleging that defendants violated the FDCPA, and the affidavit is duplicative of allegations contained in plaintiff's complaint. Even if the Court construes the allegations of plaintiff's affidavit

as true, she has not alleged any additional facts that would change the Court's ruling on defendants' Rule 12 motions, and her motion for summary judgment is denied. Plaintiff's motions to compel discovery concerning defense counsel's qualifications to practice law (Dkt. # 40), for preliminary injunction (Dkt. # 42), and for a hearing (Dkt. # 43) are also denied in light of the Court's finding that she has not stated a plausible claim against defendants. Defendants have filed motions to stay briefing on plaintiff's motion for summary judgment and to strike one of plaintiff's filings, and those motions (Dkt. ## 34, 52) are moot.

    **IT IS THEREFORE ORDERED** that Defendant Regional Hyundai, LLC's Motion to Dismiss and Brief in Support (Dkt. # 24) and Defendant TTCU Federal Credit Union's Motion for Judgment on the Pleadings & Brief in Support (Dkt. # 33) are **granted**. A separate judgment of dismissal is entered herewith.

    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. # 32), Plaintiff's Motion to Compel (Dkt. # 40), Plaintiff's Motion for Preliminary Injunction (Dkt. # 42), and Plaintiff's Motion to Set a Hearing Date (Dkt. # 43) are **denied**.

    **IT IS FURTHER ORDERED** that Defendants' Opposed Joint Motion to Stay Summary Judgment Briefing and Brief in Support (Dkt. # 34) and TTCU Federal Credit Union's Motion to Strike Docket No. 50 (Dkt. # 52) are **moot**.

    **DATED** this 5th day of August, 2022.

CLAIRE V. EAGAN  
UNITED STATES DISTRICT JUDGE